## Commonwealth v. Kavusak

*Marie Inyang, Special Assistant Attorney General,* for Commonwealth.

*Stephen P. Vlossak, Sr.,* for appellant.

LAVELLE, *P.J.,* November 26, 1980—Appellant brings this appeal to set aside the action of the Department of Transportation (henceforth department) which imposed an additional six month

revocation of his license under section 1543 of the Vehicle Code, 75 Pa.C.S.A. § 1543, for driving a vehicle while his operating privilege was suspended.

The events leading to appellant's revocation are not disputed. Appellant's certified driving record was admitted by stipulation at the hearing held on July 21, 1980.

His driving record reveals the following:

March 1, 1977—Appellant was notified that his license was suspended effective April 1, 1977 for his failure to pass a special driver's examination.

May 16, 1977—Appellant was cited under section 1543 of the Vehicle Code for driving while his operating privilege was suspended.

June 3, 1977—Appellant's license was restored following successful completion of the special examination.

December 13, 1979—Appellant was convicted of the above section 1543 violation.

March 19, 1980—Appellant's license restored following defendant's suspension on an unrelated matter.

May 15, 1980—Appellant was notified his license was revoked for an additional six months effective June 19, 1980 as a result of the December 13, 1979 conviction.

Appellant argues that the additional six month revocation under section 1543 was improper because his license was already restored when he received notice of the additional revocation. He maintains that an additional revocation under section 1543 can only attach to an existing suspension or revocation and since his license was no longer suspended, he was no longer subject to the sanctions of section 1543. Because we find no merit to

appellant's contention, we affirm the action of the Department of Transportation.

## DISCUSSION

The possible sanctions of license suspension and revocation for the offense of driving while operating privilege is suspended are contained in sections 1543 and 1532 of the Vehicle Code, 75 Pa.C.S.A. §§ 1543, 1532.

Section 1543 provides in relevant part as follows:

"(b) Extending existing suspension or revocation. — The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an additional period of six months . . ."

Section 1532 provides:

"(b) . . . (2) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of a subsequent offense under the following provisions: . . . Section 1543 (relating to driving while operating privilege is suspended or revoked).

"(3) This subsection does not effect an additional period of revocation of the operating privileges of a driver who receives an additional period of revocation for a second or subsequent violation of section 1543."

Relying on Com. v. Little, 11 D. & C. 3d 442 (1979), appellant argues that the word "additional" in section 1543(b) mandates setting aside his

1543(b) revocation.* The court in Little stated at pp. 446, 447:

"Inasmuch as the Department had restored appellant's license from the first revocation, it could not then revoke for an 'additional' period of one year, but could only revoke for a new period. To hold otherwise would read the word 'additional' out of the statute."

We respectfully disagree with the court's opinion in Little and do not place such a limited interpretation on the word "additional." In our view, the word "additional" does not imply that the initial suspension or revocation must be in effect at the time the additional suspension or revocation is applied. The word "additional" refers simply to the fact that an extra suspension or revocation is mandated for violation of section 1543 above and beyond the period of time for which appellant's license was initially suspended or revoked *whether or not that initial period is still in effect.*

Neither do we find that the phrase "existing suspension or revocation" in section 1543(b) mandates that a suspension or revocation be in actual effect at the time of the additional revocation. The more sensible approach, in light of the realities of time

---

*Little involved a somewhat similar situation to the instant case. In Little, appellant's license was restored from a revocation *after* he was cited and convicted for driving without a license during that revocation. Appellant was then notified, nine months after his conviction and five months after the said restoration, that his license was being additionally revoked for a period of one year as a result of his conviction under section 1543.

span between citation and conviction and between conviction and notice of additional revocation, is that "existing suspension or revocation" refers to a suspension or revocation in effect at the time of the citation.

Our holding in this case is bolstered by the fact that if appellant's license cannot be revoked under section 1543(b), the department is left without any sanctions in the instant situation. Certainly, the department cannot suspend under section 1532 as that provision deals only with *subsequent* or *second offenses* under section 1543 and provides for suspension in addition to a revocation under section 1543. Likewise, section 6503 of the Vehicle Code, 75 Pa.C.S.A. §6503, provides for fines only for second or subsequent violations of section 1543.

Further, accepting appellant's argument would lead to an absurd result. Because the department rightfully reinstated appellant's license from the initial suspension and because the department did not obtain an immediate conviction of defendant for driving while his license was suspended before such reinstatement, the department could not revoke his license for that violation. For the reasons already stated, we are unwilling to give our judicial blessing to such an untenable proposition.

Accordingly, we enter the following

## ORDER

And now, November 26, 1980, the appeal of John Kavusak be and is hereby dismissed.

Costs on appellant.